SARAH V. LUTHER *vs.* ABRAHAM GREENBERG.

JUNE 3, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, J.J.

CAPOTOSTO, J. This action in assumpsit on book account and on the common counts was commenced in the district court by writ of attachment, dated October 27, 1936. At the trial in the superior court before a jury, the trial justice granted the defendant's motion for nonsuit. The case is before us solely on the plaintiff's exception to this ruling.

The plaintiff, who was out of the state because of illness, did not testify when the case was tried in the superior court, nor was her deposition taken for use at that trial. Her counsel called the defendant as his main witness, and it is upon the defendant's testimony that the plaintiff's case principally rests. This testimony is as follows. On direct examination the defendant, an insurance agent who collected premiums from the plaintiff, testified that, in May or June 1936, he borrowed $151 from the plaintiff; that he did not give her "anything" at that time, and that he had not returned the money. This ended his direct examination. In answer to questions by his own counsel in cross-examination, the defendant testified that, in July 1936, the plaintiff's husband asked him for the money and that, as he was unable to meet that demand, he wrote out and gave him a "note", without valuable consideration, "for one year from date, providing I had the money." In redirect examination his testimony respecting the alleged note was: "I don't know the technicalities of a note. I know I signed a paper saying I owed the money." Counsel for the plaintiff then produced the alleged note, and, after it was identified by the defendant, introduced it in evidence.

This "note", as the defendant calls it, but which counsel for both sides agree is only a "writing", reads as follows: "July 6th—1936. Mrs. Sarah B. Luther let me, A. Greenberg, take ($151.00) One Hundred and Fifty-one Dollars to be paid one year from date with the option of renewing this note if I, A. Greenberg, have not got the money to pay it at the specified time. A. Greenberg."

The plaintiff's husband testified that, following the receipt of a letter from his wife, who was then in Vermont because of ill health, he met the defendant and asked him for the money that he owed her; that in the course of the conversation he also told him that his wife "wanted something to show that he (the defendant) had taken the money"; that the defendant then wrote and gave him the writing in question; and that he kept this writing in his possession until he gave it to his wife's attorney in October 1936, when suit was brought.

Upon this evidence the trial justice granted the defendant's motion for a nonsuit "on the ground that the indebtedness, as evidenced by the written instrument, is not yet due." This was error. We have repeatedly held that on a motion for a nonsuit, as on a motion for a direction of verdict for the defendant, all the evidence and the reasonable inferences therefrom are to be construed most favorably to the plaintiff. This rule is too well established with us by a long line of decisions to require the citation of authorities.

In our examination of the defendant's testimony we find no statement from him as to what was the agreement between himself and the plaintiff at the time that he borrowed the money. His claim of right to a nonsuit rests entirely upon his writing of July 17, 1936. The mere fact that in this writing the defendant claimed certain conditions in connection with the loan is by no means conclusive evidence that the plaintiff originally loaned him the money on those conditions. See *Lewis Mears Co. v. Nor-*

*folk Co. Creamery,* 48 R. I. 221; *Bowen v. White,* 26 R. I. 68.

The defendant lays great stress upon the fact that he was called as a witness by the plaintiff and that she herself introduced the writing in evidence. He therefore contends that she is bound by everything that is stated in that writing. This contention is without merit. The manner in which this case was tried cannot change the character of the writing, or the probative value of the statements that it contains.

The evidence, considered most favorably to the plaintiff, presented questions of fact as to what the actual agreement was at the time of the loan; and whether this writing was a new agreement, and, if so, whether there was any consideration therefor. Taking the evidence as it stands, the trial justice was not warranted in granting the defendant's motion for a nonsuit.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Emilio D. Iannuccillo,* for plaintiff.

*Nathan Pearlman,* for defendant.